IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 1:20-cr-6-2 (RDA) |
| ) | |
| BENNIE DONTE COOK, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Bennie Donte Cook's ("Defendant") Letter Motion for Early Termination of Supervised Release ("Motion"). Dkt. 251. Considering the Motion and the Government's Opposition (Dkt. 257), it is hereby ORDERED that Defendant's Motion is DENIED for the reasons that follow.

### I. BACKGROUND

On November 22, 2019, Defendant and four other co-conspirators were charged by criminal complaint with one count of Conspiracy to Distribute 28 Grams or More of Cocaine Base, a Scheduled II Controlled Substance, in violation of 21 U.S.C. § 841 and 846. Dkt. 1. Subsequently, on June 9, 2021, Defendant pleaded guilty to a One-Count Information charging him with Conspiracy to Distribute Less Than 28 Grams of Cocaine Base, in violation of 21 U.S.C. § 841 and 846. Dkt. Nos 184; 185. Thereafter, on September 8, 2021, Defendant was sentenced to time served (approximately 23 months) with 3 years of supervised release. Dkt. 204.

On September 11, 2023, Defendant filed the instant Motion requesting that his term of supervised release be terminated early. Dkt. 251. On September 26, 2023, the Government filed an Opposition. Dkt. 257.

## II. LEGAL STANDARD

As a general matter, pursuant to 18 U.S.C. § 3583(e), this Court has the authority to terminate, extend, revoke, and modify a previously imposed term of supervised release. Defendant bears the burden of demonstrating that early termination of supervised release is warranted. *See e.g.*, *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006); *United States v. O'Hara*, Case No. 00-cr-170, 2011 WL 4356322 at *3 (E.D. Wis. 2011); *United States v. Dilullio*, No. CRIM. A. 08-761, 2011 WL 665623 at *2 (E.D. Pa. Feb. 23, 2011). Consistent with statutory requirements, Defendant has served more than one year of his supervision term and therefore may be considered for early termination. 18 U.S.C. § 3583(e)(1).

In determining whether early termination of supervised release is appropriate, the Court must first consider the following factors set forth in 18 U.S.C. § 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment . . . ;" (3) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;" (4) "any pertinent policy statement . . . ;" (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). Second, the Court must consider whether early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1). Third, the Court must consider whether early termination is in "the interest of justice." *Id.*

### III. ANALYSIS

Defendant moves this Court to terminate his remaining term of supervised release. Dkt. 251. For the reasons that follow, the Court finds that early termination of Defendant's supervised release is not appropriate at this juncture.

In support of his Motion, Defendant argues that early termination is warranted here due to his full compliance with the terms of his supervised release and his overall dedication to personal growth and positive change, as demonstrated by the fact that he has obtained full-time employment and is now able to financially support his daughter. *Id.* at 1. In response, the Government contends that Defendant's Motion should be denied due to the nature of Defendant's offense and because mere compliance with the terms of supervised release is simply not enough to warrant early termination. Dkt. 257 at 2.

#### A. The Section 3553(a) Factors

Turning to the Section 3553(a) factors, Defendant pleaded guilty to a very serious crime involving the sale of cocaine base, a schedule II-controlled substance. Furthermore, early termination would not provide adequate deterrence to Defendant or others. Defendant received a time served sentence of 23 months' imprisonment, which was far below the guidelines range of 70 to 87 months of incarceration. Dkt. 199 at 14. To counterbalance this below-guidelines sentence, the Court also imposed a 3-year term of supervised release, the maximum period permitted. Dkt. 204. Terminating Defendant's term of supervision early, where the term was such a vital part of his sentence, would undermine the deterrent message the Court intended to send to Defendant and other would-be criminals that engaging in similar conduct will have significant consequences. Additionally, Defendant has already received significantly lesser penalties than similarly situated defendants, and so early termination would only exacerbate sentencing disparities. Accordingly,

while the Court acknowledges that Defendant has satisfied his restitution requirements, the Court finds that the nature and circumstances of Defendant's offense, the need for deterrence, and the need to avoid sentencing disparities, strongly militate against early termination.

### B. Defendant's Conduct

With respect to Defendant's conduct, Defendant argues that the fact that he has complied with every condition of supervised release weighs in favor of early termination. Dkt. 251 at 1. The Government, meanwhile, does not dispute that Defendant has thus far complied with his terms of supervised release, but rather argues that compliance is simply the baseline of what is expected and is not, in and of itself, proper justification for early termination. Dkt. 257 at 3-4.

Courts within the Fourth Circuit have made clear that "compliance with the terms of supervised release is not itself sufficient to warrant termination." *Smith v. United States*, No. 2:16-CR-51, 2023 WL 8586680, at *7 (E.D. Va. Dec. 11, 2023). Importantly, "[e]ven model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.* (quotations and citation omitted).

Here, Defendant has simply not been arrested or convicted of any new crimes and has otherwise complied with his conditions of supervision. It bears repeating that Defendant's compliance with the full terms of supervised release was what this Court expected when imposing a sentence, and as such, this Court cannot afford significant weight to Defendant having done what he is required to do to maintain his freedom. Additionally, while it is commendable that Defendant has been able to maintain full-time employment and financially support his daughter since reintegrating into his community, these circumstances do not *ipso facto* justify early termination. At best, they suggest that Defendant will continue to be compliant with his conditions of supervised

release and will not reoffend. Accordingly, the Court finds that Defendant's conduct is a neutral factor.

### C. The Interest of Justice

The "interest of justice" provision of Title 18, United States Code, Section 3583(e)(1) gives "the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Here, the Court finds that it is not in the interest of justice to terminate Defendant's supervised release early. Indeed, continued supervision is supported by Defendant's apparent success under the program—the structure and guidance he has received under supervised release has helped him "becom[e] [a] law-abiding citizen." Dkt. 251 at 1. Furthermore, Defendant asserts that the Court granting him the relief he seeks would allow him to travel to see his daughter in person. *Id.* However, as the Government points out, Defendant could simply request permission from Probation to travel. *See* Dkt. 205 at 3 ("[D]efendant shall not leave the judicial district *without the permission* of the court or probation officer." (emphasis added)). There is no indication in the record that Defendant has asked to travel to see his daughter, much less that Probation has denied any such request. Moreover, the Government explicitly represents that it would not oppose such a request. Dkt. 257 at 2. Accordingly, the interest of justice does not weigh in favor of early termination.

IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 251) is DENIED WITHOUT PREJUDICE. All conditions of Defendant's supervised release shall remain in full force and effect.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and counsel of record for the Government.

It is SO ORDERED.

Alexandria, Virginia
February 21, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge